**THOMPSON COBURN LLP**
**HELEN B. KIM (SBN 138209)**
hkim@thompsoncoburn.com
2029 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310.282.2500
Facsimile: 310.282.2501

Attorneys for Defendant CHARTER COMMUNICATIONS, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL KLAUSLER,<br><br>Plaintiff,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS CHARTER COMMUNICATIONS (CCI), INC., and DOES 1 to 20, INCLUSIVE,<br><br>Defendants. | CASE NO. 2:15-cv-2990<br><br>**NOTICE OF REMOVAL BY CHARTER COMMUNICATIONS**<br><br>**[Federal Question and Supplemental Jurisdiction]** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant Charter Communications, Inc., ("CCI"), contemporaneously with the filing of this Notice, is effecting the removal of the case captioned as *Michael Klausler v. Charter Communications, Inc. which will do business in California as Charter Communications (CCI), Inc., and Does 1 to 20, Inclusive,* Case No. 56-2015-00465357-CL-MC-VTA, from the Superior Court of Ventura County, California to the United States District Court for the Central District of

California, Western Division. In support of this Notice of Removal, CCI states as follows:

## I. INTRODUCTION

1. Plaintiff filed this case against CCI on or about March 11, 2015.

2. Pursuant to the requirements of 28 U.S.C. § 1446(a), a copy of Plaintiff's "Complaint for Violation of Rosenthal Fair Debt Collection Practices Act and Federal Fair Debt Collection Practices Act" (hereinafter, "Complaint"), together with "all process, pleadings, and orders served upon" CCI, are attached hereto as **EXHIBIT A**.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), because Charter was served the Complaint on March 24, 2015, and CCI filed this Notice of Removal within thirty (30) days of service. *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) (30-day removal period under Section 1446(b) begins to run when service of process is properly effected).

4. In the Complaint, Plaintiff alleges that in January 2015, CCI "contacted Plaintiff in an attempt to collect an alleged outstanding debt" from him. (Cmplt., ¶ 7).

5. Plaintiff additionally alleges that the manner of this debt collection contact violated aspects of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.1, *et seq.* (Cmplt., ¶¶ 12-14).

6. For relief, Plaintiff seeks an award of actual or statutory damages "not to exceed $10,000" plus fees and costs.

## II. FEDERAL QUESTION JURISDICTION

7. With respect to removal of a state court action, 28 U.S.C. § 1441 states that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have

original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

8. Federal question jurisdiction is conferred by 28 U.S.C. § 1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9. The Complaint alleges a federal question because it involves claims and/or issues that arise under, are intertwined with, derive in whole or in part from, and/or require application and/or interpretation of the FDCPA and/or the TCPA. *See Hart v. Bank of Americana,* 582 Fed.Appx. 698 (9th Cir. June 25, 2014) ("district court has jurisdiction over FDCPA claim") (citation omitted); *Mims v. Arrow Financial Services, LLC,* 132 S.Ct. 740 (2012) (addressing federal court jurisdiction over TCPA claims).

10. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over this action because Plaintiff's FDCPA and/or TCPA claims arise under the laws of the United States.

### III. SUPPLEMENTAL JURISDICTION

11. With respect to Plaintiff's state law claim under the RFDCPA, 28 U.S.C. § 1367 provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

12. Plaintiff's RFDCPA claim arises out of the same alleged debt collection effort as his FDCPA and TCPA claims. These claims are "so related to claims in the action within such original jurisdiction that they form[ed] part of the same case or controversy under Article III of the United States Constitution." *Carlsbad Tech., Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 640 (2009) (*citing* 28 U.S.C. § 1367).

13. Accordingly, this Court may exercise supplemental jurisdiction over those claims. *E.g., Speidel v. American Honda Finance Corp.,* 2014 WL 820703 (M.D. Fla. Mar. 3, 2014) ("as the Court has federal question subject matter jurisdiction over Plaintiffs' claims arising under the TCPA, it can exercise supplemental jurisdiction over the accompanying state law claims….").

## CONCLUSION

14. For all of the foregoing reasons, removal of this case to this Court is proper pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446.

15. Concurrent with the filing of this Notice of Removal, CCI is giving Plaintiff written notice of the filing of this Notice of Removal as is required by 28 U.S.C. § 1446(d). A copy of that notice, which will be filed with the Clerk of the Superior Court of Ventura County, California is attached hereto as **EXHIBIT B**.

16. Removal to the United States District Court for the Central District of California, Western Division, is proper pursuant to 28 U.S.C. § 1441(a), because this forum embraces the Superior Court of Ventura County, California, the place where this action is pending. 28 U.S.C. § 84(c)(2).

17. CCI has given the undersigned attorneys authority to sign and file this Notice of Removal.

18. Defendants "Does 1 to 20" are fictitious defendants whose consent is not required for purposes of removal. *Penrose v. Trojan Mfg. Co., Inc.,* 2008 WL 1766618, n.4 (W.D.N.Y. Apr. 14, 2008) ("Consent of a fictitious 'John Doe' defendant is not required for removal.") (citing 28 U.S.C. § 1441(a)).

19. By removing this action to this Court, CCI does not waive, and specifically reserves, all defenses, objections, exceptions, and motions, including but not limited to claim arbitrability.

WHEREFORE, CCI removes to this Court the action captioned as *Michael Klausler v. Charter Communications, Inc. which will do business in California as Charter Communications (CCI), Inc., and Does 1 to 20, Inclusive,* Case No. 56-

2015-00465357-CL-MC-VTA, that is currently pending in the Superior Court of Ventura County, California.

DATED: April 22, 2015            THOMPSON COBURN LLP


By: _____/s/ Helen B. Kim_____
**HELEN B. KIM**
Attorneys for Defendant CHARTER COMMUNICATIONS, INC.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 2029 Century Park East, Suite 1900, Los Angeles, CA 90067.

On April 22, 2015, I served true copies of the following document(s) described as **NOTICE OF REMOVAL BY CHARTER COMMUNICATIONS** on the interested parties in this action as follows:

Todd M. Friedman, Esq.                    Attorneys for Plaintiff
Arvin Ratanavongse, Esq.
Law Offices of Todd M. Friedman, P.C.
324 South Beverly Drive, Suite 725
Beverly Hills, CA  90212
Telephone: (310) 776-6657
Facsimile: (310) 866-633-0228
E-Mail: friedman@attorneysforconsumers.com
        arantanavongse@toddflaw.com

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Thompson Coburn LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 22, 2015, at Los Angeles, California.

_____
Michelle A. Wessman